OF

## THE STATE OF IOWA

AT

### DES MOINES, OCTOBER TERM, A. D. 1897,

AND IN THE FIFTY-SECOND YEAR OF THE STATE.

---

STATE OF IOWA v. ED. BAILOR, Appellant.[*]

**Rape:** AGE OF CONSENT. In a prosecution for rape upon a female child under the age of fifteen years, under Code 1873, section 3861, as amended by Laws Twenty-sixth General Assembly, chapter 70, fixing the age of consent at fifteen years, it is immaterial that the prosecutrix is large of her age, physically strong, and of a romping disposition, as the defendant was guilty of rape whether the sexual intercourse was against her will or not.

INSTRUCTIONS: *Conflict.* An instruction that, in determining whether or not a rape had been committed, the jury should consider the prosecutrix's demeanor, condition, and declarations, immediately after the alleged commission, does not conflict with an instruction that in case they found the crime had been committed, they should not consider the prosecutrix's conduct, declarations, nor condition, in determining whether or not she was corroborated in charging the defendant with it.

---

[*]The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

**Newly Discovered Evidence.** Two witnesses, in affidavits filed in support of a motion for a new trial on the ground of newly discovered evidence, after defendant was convicted of rape, testified that the prosecutrix told them the defendant "had never done anything to her," but upon being cited before the court, and examined orally, with the prosecutrix, it appeared that her statements referred to her being pregnant only. *Held*, not ground for a new trial.

**Venue:** PROOF OF. An allegation in an indictment that a crime was committed within the county is sufficiently established by evidence as to the places where certain persons reside, and as to where the defendant went, from which the alleged fact may be inferred.

*Appeal from Mills District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, DECEMBER 15, 1897.

THE defendant was indicted, tried, and convicted of the crime of rape, upon a female under the age of fifteen years, alleged to have been committed in Mills county, Iowa, on the twenty-fourth day of December, 1896. His motion for a new trial was overruled, and judgment of imprisonment in the penitentiary for the period of five years rendered against him, from which he appeals.—*Affirmed.*

*W. S. Lewis, L. T. Genung,* and *Henry J. Baird* for appellant.

*Milton Remley* and *Jesse A. Miller* for the state.

GIVEN, J.—I.    Defendant offered to prove that the prosecutrix was of a romping disposition, that she had wrestled with boys of the neighborhood, and was physically strong, for the purpose, as was said at the time, "to show the improbability of the story she tells on the witness stand." The state objected, on the ground of immateriality, which objection was sustained. The prosecutrix had testified that she

would be fourteen years old on the second day of April, 1897; that on the night of the twenty-fourth day of December, 1896, while defendant was taking her to her home in his top buggy, and when they were alone, he had sexual intercourse with her; that she tried to get out of the buggy; that he held her in; that he had one arm around her neck; and that she called for her mother. It is contended that this evidence offered was material, as tending to show her physical ability to resist the defendant, and to prevent the intercourse. The argument ignores the distinction made in our statute between this crime when committed upon a female of the age of fifteen years or more and one under that age. Section 3861 of the Code of 1873, as amended by chapter 70 of the Laws of the Twenty-sixth General Assembly, and then in force, is as follows: "Sec. 3861. Rape. If any person ravish and carnally know any female of the age of fifteen years or more, by force and against her will, or carnally know and abuse any female child under the age of fifteen years, he shall be punished by imprisonment," etc. The evidence is undisputed that the prosecutrix was under the age of fifteen years. Therefore it was immaterial whether the sexual intercourse was by force and against her will, or not, so far as the question of guilt was concerned.

II. The defendant complains of the sixth and seventh paragraphs of the charge, as being contradictory. The prosecutrix testified, in addition to what has already been stated, that she was crying when she got home, and that she then told her father that "Ed Bailor had tried to get ahead of me." Her father and mother testified to substantially the same. Her father stated that he heard an outcry about fifteen minutes before she came in, and her mother stated that she examined the girl's clothing, and found a wet slime spot on her skirt. A physician testified as to the result

of an examination made by him of the prosecutrix on the twenty-ninth day of December, 1896, and other physicians gave their opinion based upon what was observed on that examination, as to whether sexual intercourse had taken place. In the sixth paragraph the court instructed that, in determining whether the offense had been committed by some person, this evidence should be considered. It is not questioned but that it may be found that the crime was committed, upon the testimony of the prosecutrix alone, and that the corroboration required is as to the defendant's connection therewith. That it may be found on the testimony of the prosecutrix alone does not exclude from consideration evidence tending to corroborate her as to the fact that the crime was committed by some person. The evidence showed that these persons were alone in the buggy at a late hour in the night, while driving, three-quarters of a mile to her home. There was also evidence as to the conduct of the defendant when arrested, claimed to be inconsistent with his innocence. In the seventh paragraph the court instructed that, if they found that some person did in fact have intercourse with the prosecutrix, they should consider this evidence in determining whether she is corroborated in charging that it was the defendant. Surely, this evidence tended to connect the defendant with the commission of the crime, and to corroborate the prosecutrix in her testimony that he did commit it. If the crime was committed when and where it is claimed, it must have been by the defendant. The court further instructed that, in determining whether the prosecutrix was corroborated in charging that it was the defendant who committed the crime, they should not consider her evidence, nor the evidence as to her conduct, declarations, or condition when she arrived at home. She could not corroborate herself by her own

acts or declarations, and her condition does not neces-
sarily point to the defendant. While this evidence was
competent to show that the crime was committed, it
does not tend to connect the defendant therewith. These
instructions are not contradictory, but a plain and con-
cise statement of the law, and as favorable to the
defendant as he could ask.

III.   The defendant moved for a verdict at the
close of the evidence for the state, and for a new trial
after the verdict, upon the ground that the evidence was
insufficient to sustain a verdict. We will not set out
nor discuss the evidence in detail. Much of the argu-
ment in support of this contention ignores the distinc-
tion arising from the age of the prosecutrix. This girl
being under fifteen years of age, the real contention is
whether the defendant did carnally know and abuse
her at the time and place charged. We have examined
the evidence with care, and are of the opinion that
under it the jury was warranted in finding as it
did. It is insisted that the state failed to prove
that the crime was committed in Mills county.
It is true that no witness so said in direct terms, but,
taking the evidence as to the places where certain per-
sons resided and the direction the defendant and prose-
cutrix drove, there can be no doubt on this subject.

Another ground of the motion for a new trial is
newly discovered evidence, which the defendant was
unable to ascertain and procure before the trial. This
motion is supported by the affidavits of two wit-
nesses, to the effect that the prosecutrix said
that defendant had never done anything to her,
but only tried to, and by the affidavits of defendant and
his counsel showing diligence. The court ordered that
said two witnesses appear for oral examination, and
they and the prosecutrix were examined as to said
statements. Their evidence shows that the statements
of the prosecutrix were with reference to her not being

pregnant, and not that the defendant had not had sexual intercourse with her.

Question is made whether a new trial may be granted in a criminal case because of newly discovered evidence. It is not so expressed in the Code, as it is with respect to civil cases. It is provided that a new trial in criminal cases may be granted "when from any cause the defendant has not received a fair and impartial trial." Defendant's counsel insist that, if it appears from newly discovered evidence that the trial has not been fair or impartial, a new trial should be granted. Let this be conceded; yet we think the newly discovered evidence is not such as to show that the trial had was not a fair and impartial one. Our conclusion is that there was no error in either of the respects complained of, and the judgment is therefore AFFIRMED.